## JOHN A. CRAIN ET AL.
### v.
### DAVID B. HUTCHINSON ET AL.

SETTLEMENT OF SUIT—AGREEMENT TO PAY COSTS.—Where parties enter into a valid agreement to settle a pending suit, and in such agreement it is stipulated that each party shall pay the costs made by him in the course of the litigation, if one party is obliged to pay costs of the other party he may recover them back, the law implying a request.

APPEAL from the Circuit Court of Morgan county; the Hon. E. P. KIRBY, Judge, presiding. Opinion filed Jan. 28, 1881.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellants.

Mr. OSCAR A. DELEUW, for appellees.

DAVIS, J. This was an action of assumpsit, brought by appellants against appellees to recover under the common money counts a sum of money claimed to be due to them.

It appears from the record, that sometime before this suit was commenced appellants instituted a suit against appellees in the Morgan County Court on a promissory note, in which they recovered a judgment.

That suit was appealed to the Appellate Court and in that court the judgment of the court below was reversed, and the cause remanded. Afterwards the parties settled the matters in controversy in that suit and entered into the following written agreement, signed by them, respectively:

" WAVERLY, Ill., Sept. 10th, 1879.

"Witnesseth, that Crain & Manson have by mutual consent with Hutchinson, Bro. & Co., agreed to stop lawful proceedings for a certain judgment on note obtained May 1st, 1887, for $915.79, and order same dismissed from the docket. Each of the parties agreeing to pay the costs made by each party in prosecuting the suit, or defending the same. Said Crain & Manson having received by compromise on the said value of said judgment."

In the suit on the note in the county court, appellants made costs on their part amounting to $47.45 and the costs of appellees in the same court were $13.95. These costs were paid by the respective parties and are not involved in this proceeding.

In the Appellate Court, on the trial of the appeal, the costs made by appellees were $56.15; and appellant's costs were $7.30. All these costs were paid to the clerk of the court by appellants before they could obtain the order of the court remanding the case to the county court for further proceedings, and such costs—less the clerk's own costs—were forwarded to appellees, and have not been paid by them to appellants.

This suit was brought to recover from appellees the costs they made in the case in the Appellate Court, and the only question arising is whether, under the agreement made by the parties, appellants are entitled to recover them.

The agreement was made by the parties as a settlement of their pending litigation, and on that settlement they each agreed to pay the costs which each made in prosecuting or defending that suit.

Now the costs made by appellees on their part in the progress of the suit, in its prosecution or defense, remaining unpaid, are $56.15. These costs were covered by the agreement, and should have been paid by appellees. They having failed or refused to pay them, and appellants having been compelled to pay them to enable them to obtain the remanding order, an implied request arose on the part of appellees to appellants to pay the money for them, which will support this action

The court below having rendered a judgment for appellees

THIRD DISTRICT—NOVEMBER TERM, 1880.   181

Hart. Fire Ins. Co. v. City of Paris.

for costs, when the judgment should have been for appellants for the money they paid, it must be reversed and the cause remaded.

Judgment reversed.